IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Dorothy Williams, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | No.  09 C 5359 |
| Global Credit & Collection Corp., a Delaware corporation, | ) ) ) ) | |
|     Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Dorothy Williams, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.  Plaintiff, Dorothy Williams ("Williams"), is a citizen of the State of Michigan, from whom Defendant attempted to collect a delinquent consumer credit card debt, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Global Credit & Collection Corp. ("Global"), is a Delaware corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Global was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Williams.

5. Defendant Global is licensed to do business in the State of Illinois, and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State attached as Exhibit A.

6. Moreover, Defendant Global is licensed as a debt collection agency in the State of Illinois. See, record from the Illinois Division of Professional Regulation attached as Exhibit B.

## FACTUAL ALLEGATIONS

7. Ms. Williams is a senior citizen of limited assets and income, who fell behind on paying her bills, including her credit card debts. Her accounts became delinquent, and eventually, at the beginning of July, 2009, when Defendant Global took collection action relative to this debt, Ms. Williams referred Global to the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program -- a nationwide program to protect seniors and disabled persons in financial difficulties, where those persons have virtually no assets and their income is protected from collection.

8. On July 6, 2009, one of Defendant Global's debt collectors, "Elysha Rose", left a message with LASPD asking that it confirm its representation of Ms. Williams.

9. Accordingly, on July 8, 2009, Ms. Williams' attorney at LASPD wrote a letter to Defendant Global to confirm that Ms. Williams was represented by counsel, and directing Global to cease contacting Ms. Williams and to cease all further collection activities because Ms. Williams was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

10. Nonetheless, despite being advised that Ms. Williams was represented by an attorney, Defendant Global continued to contact Ms. Williams through telephone calls to her home, including, but not limited to, a telephone call on July 30, 2009.

11. On that same day, a paralegal from LASPD, called Defendant Global to again confirm LASPD's representation and to direct that it cease contacting Ms. Williams. In response, defendant Global's debt collector, "Mr. Rayban", demanded that Ms. Williams pay the debt. That same day, LASPD also sent Defendant Global another letter directing it to cease collections and to cease communicating directly with Ms. Williams. Copies of this letter and fax confirmation are attached as Exhibit D.

12. All of the collection actions at issue occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Collections

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

16. Here, Ms. Williams' agent, LASPD, told Defendant Global in writing to cease all collection activities, to cease communications, and that she refused to pay her debts (Exhibit C). By continuing to communicate with Ms. Williams and demanding payment of her debt, Defendant Global violated § 1692c(c) of the FDCPA.

17. Defendant Global's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

20. Defendant knew that Ms. Williams was represented by counsel in connection with this debt because she and her LASPD attorneys had informed Defendant, orally and in writing, that she was represented by counsel, and had directed Defendant to cease all collection activities and to cease communicating with Ms.

4

Williams. By directly calling Ms. Williams, despite being advised that Ms. Williams was represented by counsel, Defendant Global violated § 1692c(a)(2) of the FDCPA.

21. Defendant Global's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Dorothy Williams, prays that this Court:

1. Find that Defendant Global's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Williams, and against Defendant Global, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Dorothy Williams, demands trial by jury.

Dorothy Williams,

By: <u>/s/ David J. Philipps</u>
One of Plaintiff's Attorneys

Dated: August 31, 2009

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Williams Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

5